NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0812n.06
Filed: November 21, 2007

No. 06-1560

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ANTHONY WEST, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| KURT JONES, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:     **BOGGS** and **KENNEDY**, Circuit Judges; **JORDAN**, District Judge.[*]

**LEON JORDAN**, District Judge. Petitioner Anthony West appeals the district

court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. West and his co-

defendant, Herman Coleman, were tried in Wayne County, Michigan without a jury on

charges of arson of a dwelling house and first degree felony murder. Neither West nor

Coleman testified at trial; however, the prosecution read into the record two statements

Coleman had made to the police, which tended to place responsibility for the crime on West

and minimize Coleman's culpability. On August 11, 1999, the trial court acquitted West and

Coleman of arson but found both guilty of second-degree murder.

---

[*] The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern
District of Tennessee, sitting by designation.

On December 7, 2001, the state court of appeals on direct appeal affirmed West's conviction, and West made application to the Michigan Supreme Court. In lieu of granting the application, the Michigan Supreme Court on September 10, 2003, vacated the judgment of the court of appeals and remanded the case for consideration of whether the trial court's apparent reliance on Coleman's statements was harmless beyond a reasonable doubt. On remand, the court of appeals again affirmed West's conviction, but one judge dissented. The Michigan Supreme Court denied West's application for leave to appeal, concluding that any error by the trial court in considering the out-of-court statement of one defendant in determining the guilt of the other was harmless beyond a reasonable doubt. West filed his petition for habeas corpus relief on July 19, 2004.

We have undertaken a *de novo* review of the record, the applicable law, and the parties' briefs. We concur with the district court's conclusion that the state court's determination of harmless error did not result in a decision that was contrary to or an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d). The issuance of a full written opinion by this court would therefore serve no useful purpose. We note that the standard employed by the district court, the "substantial and injurious effect" standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d. 353 (1993), was recently affirmed by the Supreme Court in *Fry v. Pliler*, ---- U.S. ----, 127 S. Ct. 2321, 2328, 168 L. Ed. 2d 16 (2007). Accordingly, for the reasons stated in the district

2

court's opinion, we **AFFIRM** the denial of West's habeas corpus petition.